UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

ANDREW WOODS,

                 Plaintiff,

        -against-

ANTIQUORUM USA,

                 Defendant.

------------------------------------------------

17cv3803

OPINION & ORDER

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Andrew Woods moves to enforce the settlement agreement entered into by Woods and Defendant Antiquorum USA, Inc. ("Antiquorum"). Antiquorum's deadline to oppose this motion has passed. For the reasons that follow, Woods' motion is granted and Antiquorum is ordered to pay Woods $130,000 plus any post-judgment interest.

## BACKGROUND

        Woods filed this lawsuit in May 2017. He alleged that he had entered into a consignment agreement with Antiquorum, a watch auctioneer, in which Antiquorum agreed to sell Woods' Patek Philippe Watch. Under the consignment agreement, Antiquorum was to pay Woods $300,000 after the sale. (Complaint, ECF No. 1 at 2; Complaint, Ex. 3 at 2.) Antiquorum sold the watch, but made no payment to Woods. It admitted that it owed the money on numerous occasions, but cited "internal issues" preventing payment. (Complaint at 3; Complaint, Ex. 2 at 2.)

        In August 2017, Woods informed this Court that the parties had reached a settlement. The settlement agreement required that Antiquorum pay Woods the amount owed, plus attorney's fees and interest, in three installments: (1) $100,000 by June 30, 2017; (2)

$100,000 by July 30, 2017; and (3) $130,000 by August 30, 2017. (Motion to Enforce Settlement Agreement, ECF No. 12, Ex. 1 ("Settlement") § 5.) This final amount would be reduced to $100,000 if Woods did not submit to Antiquorum five Patek Philippe "minute repeaters"[1] for consignment by August 30, 2017. (Settlement § 5.) If Antiquorum missed any of these deadlines, it agreed to be held to "the entire unpaid balance together with interest and attorney's fees of $30,000." (Settlement § 6.)

After learning of the pending settlement, this Court closed the case. (Order, ECF No. 8.) But it authorized either party to write within 30 days should either wish that this Court retain jurisdiction to enforce the settlement agreement. On September 15, 2017, Woods notified this Court that Antiquorum had failed to make its final payment and moved to reopen the case. This Court granted that request and entered a briefing schedule for Woods' motion to enforce the settlement. The clock has run out and Antiquorum neither filed an opposition to Woods' motion nor paid the final installment.

LEGAL STANDARD

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974) (per curiam). "[A] federal court has jurisdiction to enforce a settlement agreement . . . if the dismissal order specifically reserves such authority." Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)). A settlement agreement is interpreted according to

---

[1] "A repeater is a complication in a mechanical watch that chimes the time on demand by activating a push or a slide-piece. Different types of repeaters allow the time to be heard to varying degrees of precision; from the simple quarter-repeater which merely strikes the number of hours and quarters, to the minute repeater which sounds the time down to the minute using separate tones for hours, quarter-hours, and minutes. Originating before electricity, they allowed the time to be determined in the dark and they were also used by the visually impaired." Savoir-Faire: What is a Minute Repeater, PATEK PHILIPPE & CO., http://www.patek.com/en/company/savoir-faire/minute-repeaters (last visited Oct. 23, 2017).

"general principles of contract law" and "[o]nce entered into . . . is binding and conclusive." Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007). "Pursuant to New York law, to have a binding settlement agreement, there must be an offer, acceptance, consideration, mutual assent and intent to be bound." Delyanis v. Dyna-Empire, Inc., 465 F. Supp. 2d 170, 173 (E.D.N.Y. 2006) (citing Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004)).

DISCUSSION

Woods timely presented this Court with the parties' written agreement. (Motion to Reopen Case and Submission of Settlement Agreement, ECF No. 9, Ex. 2.) This agreement was executed by Evan Zimmermann, Antiquorum's CEO, on behalf of Antiquorum. (Settlement at 7.)

Antiquorum was required to make three separate payments, the final due on August 30, 2017. If any installment was not paid on time, Antiquorum agreed "to acknowledge and confess judgment against Antiquorum and in favor of Woods for the entire unpaid balance together with interest and attorney's fees of $30,000." (Settlement § 6.) Antiquorom agreed to make these payments as consideration for the dismissal of Woods' action in this Court, as well as the release of any other past or present claims. (Settlement § 4.)

Antiquorum made its first two payments, indicating its assent to the deal. (Motion to Enforce Settlement Agreement ¶ 2.) The parties later agreed by email that Antiquorum could have until September 30, 2017 to make its final payment. At this time, Zimmermann explicitly acknowledged by email that Antiquorum still owed $100,000. (Motion to Enforce Settlement Agreement, Ex. 2 at 3.)

In reviewing the settlement agreement, it is clear that the parties entered into an enforceable contract. The settlement displays offer and acceptance, due consideration, mutual

3

assent, and an intent to be bound. Woods' counsel provided Antiquorum with notice of this pending motion, and Antiquorum failed to provide any opposition. There is no evidence that Antiquorum did not consent to this settlement or should not be required to pay the full amount due.

Woods requests that Antiquorum also be required to pay pre-judgment and post-judgment interest. (Motion to Enforce Settlement Agreement ¶¶ 5, 6.) However, the settlement agreement already provides that should Antiquorum fail to pay any installment on time, it would be held to "the entire unpaid balance together with <u>interest and attorney's fees of $30,000</u>." (Settlement § 6.) (emphasis added.) In view of this provision, an award of pre-judgment interest would be entirely redundant. Woods may, however, collect post-judgment interest from the date final judgment is entered until the date Antiquorum satisfies the judgment, which shall be calculated "at the rate of nine per centum per annum." N.Y. C.P.L.R. §§ 5003, 5004.

## CONCLUSION

For the foregoing reasons, Woods' motion to enforce the settlement is granted. The Clerk of Court is directed to enter judgment against Antiquorum in the amount of one hundred and thirty thousand dollars ($130,000) plus any post-judgment interest, and to terminate the motion pending at ECF No. 12.

Dated: November 6, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.